[Civ. No. 4386.   Fourth Dist.   May 22, 1952.]

S. L. SCHREIBER, Respondent, v. R. L. DUNCAN,
Appellant.

Oscar F. Catalano and Allan Campbell for Appellant.

Dorris, Fleharty & Phillips for Respondent.

GRIFFIN, J.—Plaintiff brought an action against defend-
ant alleging faulty workmanship in certain structural im-
provements in relation to the work done upon plaintiff's resi-
dence by defendant in which plaintiff claimed damages in
the sum of $1,832.50.   Defendant was personally served with
summons and complaint on March 23, 1951.   He failed to
appear.   Default, upon application of plaintiff, was entered
on April 4, 1951, and on April 5th, the clerk, for some un-
disclosed reason, entered judgment by default for the amount
claimed.   On July 5, 1951, three months later, Attorney Cata-
lano filed his affidavit and motion to set aside the default
and default judgment, claiming that on March 27, 1951, de-
fendant retained him as his attorney and gave him a copy
of the summons and complaint served upon him and that,
due to pressing business and ill health, he mislaid it; that
on or about April 4, 1951, he attempted to file a demurrer with
the clerk and was informed that a default had been taken;
that about 10 days after April 4th, he talked with the at-
torney for plaintiff and asked him if he would enter into

a stipulation setting it aside; that the attorney told affiant that it would be necessary for him to file a notice of motion to set it aside because of the peculiar relationship between plaintiff and his attorney; that affiant told said attorney that within due course he would file such a notice; that the attorney for the plaintiff did not, at said time, commit himself either one way or another about resisting said motion; that about that time affiant was in partnership with one H. E. Schmidt, who was severely ill and who expired on May 15th; that affiant, for more than six months prior thereto, was required to do about 90 per cent of their partnership business; that at that particular time affiant was physically handicapped and was pressed with a great deal of work and was laboring under the thought that he had six months' time from the entry of default within which to file his motion and believed that three months thereafter was not unreasonable; that defendant had a good and meritorious defense to plaintiff's action, and did not owe any portion of the amount claimed. An affidavit of merit was also filed.

The motion came on for hearing on July 23. Plaintiff's counsel appeared and no one appeared for defendant. The court (Judge Bradshaw) denied the motion.

Thereafter, on August 1st, defendant's counsel filed a supplemental affidavit, offered a proposed answer to the complaint, and in response to a motion by defendant to set aside and vacate the order theretofore made denying the motion, the court (Judge Bradshaw) ordered that the order denying such motion as to the default and default judgment be vacated.

On August 21st, defendant filed a motion to reconsider the previous motion to set aside the default and default judgment based upon new and former affidavits, the answer, amended answers presented, and on the records on file. The affidavits enlarged upon the facts set forth in the prior affidavits. The attorney for the defendant therein stated that at the time he consulted the attorney for the plaintiff about stipulating to the setting aside of the default, counsel for plaintiff ''left the definite impression in my mind'' that he would not resist it; that he told counsel for plaintiff at the time that he was very busy in his office and that he would file the motion as soon as convenient for affiant; that he was confined to the hospital and in bed for 15 days after April 18; that he has been and is crippled and confined to a wheel chair; that he tried two jury cases in May and June

and moved his offices after the death of his partner; that plaintiff has not been prejudiced by the delay since he did not endeavor to collect the judgment; that his failure to file an answer was due solely to inadvertence and was excusable. It was also called to the court's attention at that time that the default judgment, as entered by the clerk, was not a judgment that could be entered by default by such clerk.

Plaintiff's attorney filed an affidavit in opposition, admitted that defendant's attorney spoke to him after the default was entered, but definitely stated that he told him that he could not stipulate to set aside the default and told him that plaintiff would resist any attempt to set it aside, due to the feeling between the parties to the action; that his relationship with plaintiff was only that of attorney and client and that plaintiff had informed his counsel that he had made efforts to settle the difficulty with defendant and that defendant changed his mind and forced plaintiff to sue.

The motion to reconsider came on for hearing before Judge Stockton. The motion to set aside the default was denied. The motion to set aside the default judgment was granted. On September 28, a judgment by default was entered by the court.

On October 8, defendant filed another motion to reconsider the previous motion to set aside the default and default judgment, based on similar facts to those previously alleged. Counsel for the defendant gave as a reason for the new application that Judge Stockton stated to him that he denied the previous motion to set aside the default because "it was against his desires to overrule another judge" of that court.

On October 15, Judge Stockton made an order denying that motion which order was entered on November 6. Defendant appealed to this court from the final judgment entered on September 28, and from the order entered on November 6th.

At the outset it could be readily said, had the trial court granted defendant's motion to be relieved of the default and default judgment, this court would not hesitate in affirming the order under the recognized rule that great liberality is afforded trial courts in relieving attorneys from their excusable neglect. (*Stub* v. *Harrison,* 35 Cal.App.2d 685 [96 P.2d 979].) Many of the cases cited by defendant involve an appeal from an order granting relief, and they are

therefore not particularly applicable to the facts in this case.

Before an appellate court is authorized to reverse an order on appeal denying a motion to set aside a default it must first conclude from the facts established that the trial court abused its discretion and the burden of showing such abuse of discretion rests on the party seeking the reversal. The uncontradicted facts here established do not bring defendant within the rules announced in *Burns* v. *Scooffy,* 98 Cal. 271 [33 P. 86]; and *Karlein* v. *Karlein,* 103 Cal.App.2d 496 [229 P.2d 831], relied upon by him. Nothing appears on the face of the judgment nor in the record indicating that the judgment from which the appeal was taken was not proper, or that it should be reversed.

The court was confronted with similar questions in *Kester Motors, Inc.* v. *Haddad,* 109 Cal.App.2d 369 [240 P.2d 1011] (hearing in the Supreme Court denied). No good purpose would be served by reiterating the principles and rules there enunciated, which appear to be applicable to the facts in this case.

Judgment and order affirmed.

Barnard, P. J., and Mussell, J., concurred.