PEEK, P. J.
 

 This is an appeal by defendants Jacqualyn T. Duncan and Pete Olson from an adverse judgment in a personal injury action brought by plaintiff West.
 

 The facts which are not in dispute show that Duncan, while driving a car owned by Olson and with his permission, came
 
 *141
 
 upon an icy area on the highway, lost control of the car, and collided headon with West. At the conclusion of the trial, the Honorable Richard B. Baton, who presided, commented up oh the form of the verdict which he was then submitting to the jury:
 

 “The Court: Upon your retirement . . . the Bailiff will hand to you a verdict in the following form: Omitting the title of the Court and cause, ‘We, the jury in the above entitled action, find our verdict as follows: ’ Then an instruction, ‘Rule out in pen all words not expressing your findings.
 

 “‘1. For plaintiff, Francis West, against defendant, Jacqualyn T. Duncan, assessing damages at $_• and against defendant, Pete Olson, assessing damages at $:__’ Then a parenthetical instruction,' ‘ The amount of the Duncan damages, or $5,000, whichever is the lesser.’
 

 ' “ ‘(or) ' .
 

 “ ‘2. For defendants; against plaintiff. .....
 

 “ ‘Dated: May_, I960.’ ' • -
 

 “Signed ‘_:_, Foreman.’ ""
 

 After concluding its deliberations, the jury returned the following verdict:
 

 “We, the jury in the above-entitled action, find our verdict as follows: •
 

 “ (Rule out in pen all words
 
 not
 
 expressing your findings.)
 

 “1. For plaintiff, Francis West, against. defendant) Jacqualyn T. Duncan, assessing damages at $5,605.00; and against defendant, Pete Olson, assessing damages at $5,000.00 (amount of Duncan damages or $5,000.00, whichever is the lesser).
 

 “(or)
 

 ^ Her defendants; against plaintiff.-
 

 “Dated: May 12, 1960.”
 

 Neither party requested the jury to clarify or amend the verdict and judgment was entered as follows:
 

 “Wherefore, it is ordered, adjudged, and decreed that the plaintiff have and recover from the defendant Jacqualyn T; Duncan the sum of $5,605.00 and from defendant Pete Olson, the sum of $5,000.00 together with interest thereon at the rate of 7% per annum and costs of suit herein in the sum of $348.15.”
 

 
 *142
 
 Thereafter, plaintiff, through his attorney, moved to have the verdict interpreted by the trial court. Attached to said motion was an affidavit of plaintiff’s counsel averring that following the return of the verdict by the jury discussion arose as to the amount thereof and that in order to ascertain the intention of the jury he had examined the jury room and found a piece of paper which he attached to the affidavit. The paper in question contained various arabio numerals: the figure 5,000 in one portion and the figure 2,105 added to the figure 8,500 with the total of 10,605 in another portion.
 

 Over defense counsel’s opposition, the motion was heard before Honorable Albert F. Ross. Counsel for defendants filed with the court a document entitled “Memorandum on the Interpretation of Verdict.” It merely stated that there had been no satisfaction of the judgment as of that date; that the motion of plaintiff for an interpretation was in fact an attempt to impeach the verdict; that the affidavit and the paper attached to it were inadmissible; that the trial judge was the proper person to interpret the verdict in its discretion; and that the jury should have been returned for a more definite and certain verdict. The memorandum concluded with calling the court’s attention to the eases of
 
 Aynes
 
 v.
 
 Winans,
 
 33 Cal.2d 206 [200 P.2d 533] and
 
 Snodgrass
 
 v.
 
 Hand,
 
 220 Cal. 446 [31 P.2d 198],
 

 The memorandum filed by Judge Ross questioned the propriety of his hearing the motion; noted that the jury had specifically followed the instructions of the court and that the judgment as entered followed the exact language of the verdict. However, said the court, the evidence produced by the affidavit of plaintiff’s counsel indicated that the intention of the jury was to give a verdict of $10,605. The court further commented that it felt it could consider the affidavit and concluded :
 

 “However, although I make the interpretation that it was the intention of the jury to award a total verdict of $10,605.00, I know of no court order I can make on the subject.”
 

 “It has been uniformly held in this state that a trial court not only has the authority, but that it is its duty to make a judgment conform to the verdict, when the intention of the jury is clear from the language of the verdict which it returns, considered in connection with the pleadings and the evidence. ’ ’
 
 (Curtis
 
 v.
 
 San Pedro Transp. Co.,
 
 10 Cal.App.2d 547, 548 [52 P.2d 528]; see also
 
 Snodgrass
 
 v.
 
 Hand,
 
 220 Cal. 446 [31 P.2d 198].)
 

 
 *143
 
 Necessarily therefore, contrary to the belief expressed by the court in its memorandum opinion, it did have the authority to construe the verdict and enter a judgment in conformity therewith.
 

 The unfortunate situation which at times is present in this type of action was discussed in
 
 Harbor Ins. Co.
 
 v.
 
 Paulson,
 
 135 Cal.App.2d 22, 30-31 [286 P.2d 870]. There the court noted that:
 

 “ ‘When both the operator and owner are joined as defendants, some confusion has been created because of the limited liability of a defendant owner.
 
 (Snodgrass
 
 v.
 
 Hand,
 
 220 Cal. 446 [31 P.2d 198];
 
 Bradford
 
 v.
 
 Brock,
 
 140 Cal.App. 47, 50 [34 P.2d 1048].) Separate verdicts have caused as much confusion as a single verdict against both classes of defendants.
 
 (Harveld
 
 v.
 
 Milani, 1
 
 Cal.App.2d 157, 160 [36 P.2d 393];
 
 Webster
 
 v.
 
 Harris,
 
 119 Cal.App. 46, 52 [6 P.2d 88].) The foregoing cases suggest that the problem is to determine from the verdict or verdicts which are brought in what the jury had in mind as the total sum to be allowed. When the verdict is single as against both operator and owner, there can be no ambiguity on this subject. Ambiguity as to the total sum to be allowed is created only when there are separate verdicts as against the separate defendants. The cases clearly hold that when a single verdict is brought in against both classes of defendants, and such verdict by its terms fails to limit the liability of owner defendants to these amounts fixed by the statute (Civ. Code, § 1714%), an appellate court may modify the judgment reducing the same to the statutory limits as against owner defendants. [Citing eases.].’ ”
 

 Furthermore, we might note that the verdict which was submitted to the jury only added to its confusion.
 

 Since the ease must be remanded to the trial court, we observe in passing that further error occurred in the consideration given by the court to the affidavit of plaintiff’s counsel and the attached paper.
 

 It has been generally held that in construing an ambiguous verdict the court may use anything in the proceeding that serves to show with some certainty what the jury intended and for this purpose reference may be had, for example, to the pleadings, the evidence, the admissions of the parties, the instructions, and the forms of verdict submitted. (53 Am.Jur., Trial, § 1036, p. 716.) But the affidavit of a juror cannot be used to construe or interpret a verdict.
 
 (Fernandez
 
 
 *144
 
 v.
 
 Consolidated Fisheries, Inc.,
 
 117 Cal.App.2d 254 [255 P.2d 863].)
 

 The seriousness and permanency of the injuries suffered by plaintiff and the amount of special damages, together with the-wording of the verdict, might well have been sufficient for the court to have interpreted the verdict to have been in the sum of $10,605. However, as expressed in
 
 Aynes
 
 v.
 
 Winans,
 
 33 Cal.2d 206, 209 [200 P.2d 533], the rule could equally lead to an opposite • interpretation. There the jury returned separate verdicts against the owner and the permissive user independently, assessing damages against each in the sum of $5,000. The court then noted that even conceding the jury’s intent to have awarded the total sum of $10,000 damages-against the permissive user, the verdict should have been for- the full amount; but since the verdict against him expressly -limited itself to $5,000 it could not support a judgment against him for more than that amount.
 

 ; We conclude, as did the court in the
 
 Aynes
 
 case, that because
 
 of
 
 the ambiguity, the judgment is reversed and the cause is remanded for. a new trial on the sole issue of damages, in accordance with, the views herein expressed.
 

 Schottky, J., and Pierce, J., concurred. .