[Civ. No. 25732.   Second Dist., Div. Two.   Aug. 8, 1962.]

JOSEPH W. FAIRFIELD, Plaintiff and Respondent, v. ROBERT O. AHLSTROM, Defendant and Appellant.

Harry Friedman for Defendant and Appellant.

Joseph W. Fairfield, in pro. per., Ethelyn F. Black and Frank C. Wickhem for Plaintiff and Respondent.

HERNDON, J.—According to the notice of appeal, defendant and appellant Ahlstrom herein appeals from an order of the court "denying the motion under section 473 of the Code of Civil Procedure of California for permission to file his memorandum of costs herein, which included appearance fee, cost of deposition and $100 additional costs as attorney fee because the complaint herein was for libel and the court granted a nonsuit in favor of this defendant."

It appears from the record that plaintiff and respondent herein filed an action against defendant and others; the complaint was in two counts, the first of which set forth a cause of action for libel and the second for malicious abuse of process. The trial of the action was commenced on or about February 1, 1961. On February 16, 1961, the court granted appellant's motion for a nonsuit as evidenced by the following minute order: "Motion of defendant Robert O. Ahlstrom for a nonsuit is granted and the defendant Robert O. Ahlstrom is given judgment for his costs against the plaintiff Joseph W. Fairfield, in the sum of $_____. Let execution issue hereon."

On March 27, 1961, appellant filed a memorandum of costs claiming $12.50 fee for filing answer, $70.05 costs of taking plaintiff's deposition and $100 for attorney's fees pursuant to section 836 of the Code of Civil Procedure. Immediately thereafter respondent filed a notice of motion for an order striking appellant's memorandum of costs on the ground that it was not filed within the time allowed by the statute. Appellant conceded that his memorandum of costs was not filed within the allotted statutory time. Accordingly, on April 3, 1961, he filed his notice of motion for relief under section 473 of the Code of Civil Procedure with supporting affidavits.

On April 6, 1961, the court heard both motions, that is, respondent's motion to strike the memorandum of costs and appellant's motion for relief under section 473 of the Code of Civil Procedure. Respondent's motion to strike the memorandum of costs was granted and appellant's motion for relief under section 473 was denied. The present appeal is from the latter order.

Appellant's first contention is that the trial court abused its discretion in denying his motion for relief under section 473. The declaration of his attorney, Mr. Friedman, explained his failure to file the memorandum of costs within the allowed time by stating that he was busily engaged in

representing other defendants during the remainder of the trial, which was concluded on or about February 23, 1961, and in attending to matters involved in motions for a new trial. He also stated that he was obliged to give substantial time to other matters which he was handling in the course of his law practice. The declaration also states that Mr. Friedman encountered difficulty in verifying the items of taxable costs, particularly the costs of taking the respondent's deposition.

Manifestly, the trial court did not abuse its discretion in denying appellant's motion. ▮▮ The burden of proof is on the party seeking relief under section 473 of the Code of Civil Procedure to show that he failed to act within the time allowed by statute through mistake, inadvertence, surprise or excusable neglect. (See *Yarborough* v. *Yarborough,* 144 Cal.App.2d 610, 614-615 [301 P.2d 426].) The facts stated in the declaration supporting the motion made an extremely weak case. The statement that it was necessary to examine the original files to determine the amount of taxable costs seems invalid inasmuch as the required information is not to be found in the original file. The amount of the filing fee is readily ascertainable and the amount of attorney's fee allowable under section 836, Code of Civil Procedure, is stated therein. The cost of taking respondent's deposition should have been within the knowledge of appellant or his attorney who paid the same.

▮ It is settled that an attorney's occupation with other matters affords insufficient grounds to warrant relief under section 473, Code of Civil Procedure. As stated in *Willett* v. *Schmeister Mfg. Co.,* 80 Cal.App. 337 [251 P. 932] at page 340: "Nor is unusual press of business a legal excuse. To accept this as a legal justification for the failure to comply with the statute would be to discourage diligence in the prosecution of appeals and establish a precedent that might lead to vexatious delays. [Citations.]" (See also *Farias* v. *Farias,* 33 Cal.App. 236, 238 [164 P. 818].)

▮ The broad discretion vouchsafed to the trial court in determining applications for relief under section 473 is too well-established to require citation of authority. As stated in 4 California Jurisprudence 2d, Appeal and Error, section 601, page 481: "Applications for relief from a judgment or order taken against a party through mistake, inadvertence, surprise, or excusable neglect are addressed to the discretion of the trial court, and its action will be sustained unless the

discretion is palpably and manifestly abused." (See also *Schreiber* v. *Duncan*, 111 Cal.App.2d 261, 264 [244 P.2d 465].)

Appellant further contends that the attorney's fee of $100 allowable to the prevailing defendant in a libel action automatically follows as a part of the judgment and that it was the duty of the clerk to insert it in the judgment. This contention is based upon section 836, Code of Civil Procedure, which provides, in part, as follows: "If the action is dismissed or the defendant recovers judgment, he shall be allowed one hundred dollars ($100) to cover counsel fees in addition to other costs, and judgment shall be entered accordingly." On this basis, appellant argues that the inclusion of costs for the attorney fees in his memorandum of costs was unnecessary, since it should have been awarded to him by the judgment.

However, as we have already observed, the minute order granting appellant's motion for judgment of nonsuit contained no provision awarding him the $100 as attorney fees, allowable under section 836, Code of Civil Procedure. It is settled law that when an order granting a nonsuit is entered in the minutes, it constitutes the judgment, is effective for all purposes and operates as a judgment on the merits, unless the court, in its order, expressly provides otherwise. (28 Cal.Jur.2d, Judgments, § 65, pp. 701-702; Code of Civil Procedure, § 581c.) Appellant took no appeal from this judgment, but saw fit to enter the $100 for attorney fees in his memorandum of costs. Obviously, the judgment of nonsuit is not reviewable on this appeal.

The order presented for review is affirmed.

Fox, P. J., and Ashburn, J., concurred.