[Civ. No. 8632. Fourth Dist., Div. Two. Mar. 12, 1968.]

FRED F. ELISALDA, Plaintiff and Respondent, v.
 WELCH'S SAND & GRAVEL CO. et al., Defendants
 and Appellants.

48

Ives, Kirwan & Dibble and Martin J. Kirwan for Defendants and Appellants.

Gilbert & Tarr, Nathan W. Tarr and John H. Gilbert, Jr., for Plaintiff and Respondent.

McCABE, P. J.—The issue posed on this appeal involves the question of the liability of the defendant-owner of a cement truck for injuries sustained by a plaintiff, not the defendant-owner's employee, when the truck backed over the plaintiff's foot as he was getting off the fender of the truck where he had been riding. Although defendants' contentions on this appeal are numerous, the nub of the appeal concerns the plaintiff's status as either a passenger or pedestrian for application of the "Guest Statute." (Veh. Code, § 17158.)

On March 9, 1962, the plaintiff, Fred Elisalda, was employed as a laborer by one G. L. Keller, a cement work contractor. Plaintiff Elisalda, on that date, was engaged in the patching and repairing of curbs and sidewalks in a newly built subdivision as a "puddleman." In this capacity he was responsible for spreading or puddling the cement as it was poured from the cement truck over the area to be repaired preparatory to its being smoothed and finished before the cement set, by another following group of men customarily known as "finishers."

On the morning in question, plaintiff Elisalda was working with one Ortiz, a "chuteman," who was responsible for pouring the cement via a chute from the revolving drum of the cement truck onto the street, and defendant Jackson, driver of the cement truck, owned by defendant. The trio had completed the delivery of one load of cement.

During this delivery, as was the habit and custom in this particular subdivision, plaintiff sat on the right front fender of the truck facing rearward as it drove from one delivery location to another location within the tract, if the distance between the locations exceeded one hundred feet. This habit and custom was testified to by the defendant driver, Jackson. If the distance between the delivery locations was shorter, plaintiff walked from one location to the other. Ortiz was conveyed in a similar manner on the left front fender.

Plaintiff Elisalda testified at trial that he had been ordered by his supervisor to ride the cement truck in this manner, but this fact was denied by his employer. In any event, it is clear that the duties of their respective employments made it incumbent upon the chuteman and puddleman to be present before cement could be poured from the cement truck. Another group of workers, the finishers, followed the truck in a pickup. They could not begin their work until the cement had been poured and puddled and often remained behind

after the truck left for some period to finish the cement before it dried or ''set up.''

Just after the defendant driver returned with his second load of cement, the truck approached the intersection of Larkstone and Loretta Streets. Ortiz and Elisalda were riding respectively on the left-hand and right-hand front fenders. As the truck approached the point at which the cement was to be placed, it made a right turn athwart the street and stopped. It then backed toward the desired location and once more stopped. Ortiz jumped off the left-hand side and unhooked the cement chute at the rear of the truck. Although he could not see Elisalda through the cement drum, he motioned for the defendant driver to back up.

Just prior to that movement of the truck, the defendant driver had observed plaintiff Elisalda seated on the right-hand front fender facing the rear with his feet on the running board holding onto the truck's mirror. Plaintiff Elisalda started to get off the truck by stepping on the pavement with his left foot. At that moment while his left foot was on the ground and his right foot was on the running board of the truck, the truck started to back up. The right wheel of the truck struck plaintiff Elisalda on the left leg precipitating him forward onto the ground. The truck wheel passed over his left heel after he was on the ground.

At the conclusion of the evidence as thus summarized, after deliberation, the jury returned a verdict in favor of the plaintiff Elisalda in the amount of $40,000, less the amount of a Workmen's Compensation Appeals Board award paid by his employer of $14,488.33. Judgment was entered accordingly. ■ A motion for judgment notwithstanding the verdict was thereafter denied, and this appeal follows from both the judgment and the latter order. The latter order is appealable. (Code Civ. Proc., §§ 963, subd. 2, 983, subd. 2; 3 Witkin, Cal. Procedure (1954) Appeal, § 24, p. 2169.) The State Compensation Insurance Fund intervened in the action and participated in the trial.

■ Defendants initially assert the trial court erred in submitting to the jury the question of the plaintiff's status as guest or passenger for determining the applicability of the Guest Statute. Appellants should not be able to assert this defect since they requested at least one instruction upon the issue, and thus waived the point for purposes of appeal. (*Sand* v. *Mahnan*, 248 Cal.App.2d 679, 684-685 [56 Cal.Rptr.

691]; *Brown* v. *Kiely,* 126 Cal.App.2d 191, 193 [271 P.2d 928].)

From the record it would appear defendants offered an instruction, the text of Vehicle Code, section 17158, which negatived their liability if plaintiff was a guest within that statute. Additionally, two other instructions, BAJI 209 and BAJI 209-I, were given by the court although it is not indicated in the record at which parties' instance they were proffered. ■ Plaintiff urges that if the record on appeal does not disclose the identity of the party requesting the allegedly erroneous instruction, it must be presumed that they were given at the defendants' request, citing *Lynch* v. *Birdwell,* 44 Cal.2d 839, 847 [285 P.2d 919], and *Kantlehner* v. *Bisceglia,* 102 Cal.App.2d 1, 6 [226 P.2d 636]. This contention is in accord with the substantive rule of law to the effect: ". . . if the record does not show at whose request instructions were given, it will be presumed that they were requested by the appellant who claims them to be erroneous." (4 Cal. Jur.2d Appeal and Error, § 569, pp. 441-442; *Deevy* v. *Tassi,* 21 Cal.2d 109, 124 [130 P.2d 389]; *Gray* v. *Eschen,* 125 Cal. 1 [57 P. 664]; *Forbes* v. *Mattos,* 35 Cal.App.2d 481, 484-485 [96 P.2d 166].) ■ Moreover, in defendants' reply brief, they concede the rules on express and implied waiver are correctly set forth in respondent's brief, but then inconsistently assert the court erred in giving an instruction as to the duty of care owed by the defendants to a pedestrian as requested by the intervener, State Compensation Insurance Fund. This position is inherently unsound. Defendants introduced the issue of their liability under the Guest Statute and thus submitted to the jury the duty to determine the legal status of plaintiff Elisalda at the instant he was struck by the truck. The record clearly indicates the defendants submitted an instruction as to their duty of care to a passenger or "guest" in the absence of intoxication or wilful misconduct. Having posed the issue of the status of the plaintiff Elisalda and requested an instruction on one of the two possible duties of care thus engendered, defendants have waived any right to complain of the trial court's rendition of an instruction upon the alternate duty of care. (*Hughes* v. *Pacific Elec. Ry. Co.,* 58 Cal.App. 375, 380 [208 P. 335]; *Charves* v. *San Francisco-Oakland Terminal Railways,* 44 Cal.App. 221, 225 [186 P. 154]; see also *Pobor* v. *Western Pac. R.R.Co.,* 55 Cal.2d 314, 320 [11 Cal.Rptr. 106, 359 P.2d 474]; *Devincenzi* v. *Faulkner,* 174 Cal.App.2d 250, 253 [344 P.2d 322, 74 A.L.R.2d 764];

*Carlson* v. *Glanville,* 170 Cal.App.2d 246, 249 [338 P.2d 580] ; *Barlin* v. *Barlin,* 156 Cal.App.2d 143, 149 [319 P.2d 87].)

Moreover, the record does not indicate defendants objected to the giving of any of these instructions by the trial court.

 At the request of the intervener, (State Compensation Insurance Fund for plaintiff's employer) the jury was instructed as follows : "If you should find that plaintiff Fred Elisalda was in a position with one foot on the ground and the other on the running board of the truck when it moved, he cannot be said to have been 'riding' in said vehicle within the meaning of the guest statute; and you are instructed that in such circumstances the guest statute does not apply and defendants owe to plaintiff, then a pedestrian, the duty to exercise ordinary care." It is asserted that this instruction was tantamount to a directed verdict if the jury, as the evidence indicates that they might, found the plaintiff to be in the position described in the instruction, citing *Lenard* v. *Edmonds,* 151 Cal.App.2d 764, 774 [312 P.2d 308]. Defendants did not object to this instruction. The instruction was proper. The so-called "Guest Statute" is in derogation of the common law and must be strictly construed. (*O'Donnell* v. *Mullaney,* 66 Cal.2d 994 [59 Cal.Rptr. 840, 429 P.2d 160] ; *Prager* v. *Isreal,* 15 Cal.2d 89, 93 [98 P.2d 729] ; see also *McCann* v. *Hoffman,* 9 Cal.2d 279, 282 [70 P.2d 909] ; *Smith* v. *Pope,* 53 Cal.App.2d 43, 48 [127 P.2d 292].) Before the statute may be said to preclude plaintiff's recovery, as a guest, ". . . it must appear (1) that the plaintiff accepted a 'ride' as a guest, (2) that the ride was 'in' a vehicle upon a highway, and (3) that death or injury was suffered by the guest 'during such ride.' The defendant is entitled to the protection of the statute only if all of the foregoing requirements are satisfied." (*Boyd* v. *Cress,* 46 Cal.2d 164, 166 [293 P.2d 37].)

 None of these requirements is satisfied by the facts disclosed in the present case. "We are . . . of the opinion that a person alighting from an automobile, who is in a position with one foot on the ground and the other on the running board when it so moves cannot be said to be 'riding' in said automobile within the meaning of said statute." (*Prager* v. *Isreal, supra,* at p. 94.)

In *Boyd* v. *Cress, supra,* 46 Cal.2d 164, 166, the Supreme Court considered the case of a passenger who was injured after he had stepped out of the auto completely and was struck by a [its] door in the "locked-open" position when

the vehicle's brake failed. Interpreting the language of the Guest Statute at that time which required a guest to accept a ride *"in a vehicle"* and to be injured *"during such ride"* for the statute's application, the court found the statute was not applicable. (See also *Smith* v. *Pope, supra,* 53 Cal.App.2d 43, 48; *Harrison* v. *Gamatero,* 52 Cal.App.2d 178, 182 [125 P.2d 904]; *Moreas* v. *Ferry,* 135 Cal.App. 202, 204 [26 P.2d 886].)

Vehicle Code, section 17158, by its terms still requires a person to accept a ride "in any vehicle upon a highway without giving compensation for such ride. . . ." before becoming applicable. Clearly, Plaintiff Elisalda did not accept a ride "in" the cement truck. Thus, the second condition of *Boyd* v. *Cress, supra,* is unfulfilled. Moreover, the ride had terminated apparently at the time of the injury herein whereas the statute requires the injury to have occurred "during the ride."

In a more fundamental aspect, it is apparent Ortiz, plaintiff Elisalda and the defendants, through the driver, were jointly engaged in the delivery of the cement to the desired locations. In the absence of furnishing Elisalda and Ortiz with separate transportation, Ortiz and plaintiff had to ride any great distance on or in the truck. The contention that they might have ridden in the pickup with the "finishers" is unavailing since by the very nature of their work, the "finishers" could not keep up with the cement truck in its deliveries and because of the type of work to be done by Ortiz and Elisalda as differentiated from the work of the "finishers." They might have ridden in the cab of the cement truck, but to do so would delay the delivery of the cement with the increased likelihood of the "setting" or hardening of the cement debris in the cement chute and the orifices of the revolving drum. This delay might well engender considerable expense to the defendant owner of the truck. Thus it is clear as to the reason that the driver and others condoned the working arrangement which was fraught with danger to the two "puddlemen." The conclusion is inescapable that plaintiff's presence on the truck fender was of material benefit to the truck's owner.

Where parties are engaged in a business venture for their mutual advantage and the ride is an integral part of that business venture, then the driver may be said to be in receipt of benefits sufficient to be classified as compensation and the Guest Statute is inapplicable. (*Martinez* v. *Southern Pac. Co.,* 45 Cal.2d 244, 250-251 [288 P.2d 868]; *Kruzie* v.

*Sanders,* 23 Cal.2d 237, 241 [143 P.2d 704]; *Whitechat* v. *Guyette,* 19 Cal.2d 428, 432-433 [122 P.2d 47]; *McCann* v. *Hoffman, supra,* 9 Cal.2d 279, 284, 286; *Sand* v. *Mahnan, supra,* 248 Cal.App.2d 679, 683-684; *Clapp* v. *Hester,* 169 Cal. App.2d 558, 559-560 [337 P.2d 525].)

Consequently the rendition of the instruction complained of by the appellants correctly stated as a matter of law that the plaintiff, if found by the jury to be in the position described, was not subject to the Guest Statute and the defendants had a duty to exercise ordinary care for his safety.

A motion for judgment notwithstanding the verdict may properly be granted by the trial court only when, disregarding conflicting evidence and permitting every reasonable inference from plaintiff's evidence, the court determines there is no substantial evidence in support of the verdict in favor of the plaintiff. (*Drummond* v. *City of Redondo Beach,* 255 Cal.App.2d 715, 719 [63 Cal.Rptr. 497]; *Bufano* v. *City & County of San Francisco,* 233 Cal.App.2d 61, 68 [43 Cal.Rptr. 223]; see also *Quintal* v. *Laurel Grove Hospital,* 62 Cal.2d 154, 159 [41 Cal.Rptr. 577, 397 P.2d 161].)

Defendants first contend there is no showing that the defendant truck driver was in any way negligent. In reviewing the sufficiency of the evidence, the presumption being in favor of the evidence, every inference and conflict must be resolved in favor of that judgment. (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427, 429 [45 P.2d 183].)

Plaintiff testified he had been ordered to ride on the truck by his immediate supervisor, clearly a dangerous position in any event. Plaintiff had been riding on the fender and was in view of defendant driver at the time the driver started to back the truck but admittedly Ortiz was unable to see plaintiff through the body of the truck. Further, it appears the defendants could have been found to be negligent per se by failing to equip their vehicle with an automatic backing warning bell in violation of title 8, section 175E, California Administrative Code. (See *Armenta* v. *Churchill,* 42 Cal.2d 448, 452-453 [267 P.2d 303].) The evidence was sufficient to sustain such finding of negligence.

It is also asserted plaintiff's injury was not proximately caused by reason of any negligent act of the truck driver. The statement belies a negative pregnant. The injury might well have been proximately caused by other acts, attributable to defendants, than the negligence of the truck driver.

As for the plead issue of contributory negligence, the jury could well have concluded plaintiff's employer through his supervisor required him to ride on the truck.

■ It is urged there is no evidence to show the defendant truck driver was guilty of wilful misconduct. It was not necessary that the jury find wilful misconduct in order to render the verdict it brought into court. Moreover, since the identity of the party requesting the instruction, BAJI 2091, is not disclosed by the record, it must be presumed that it was rendered at the appellants' behest. (*Lynch* v. *Birdwell, supra,* 44 Cal.2d 839, 847.)

Thus, there was no implied finding of wilful misconduct in the jury's verdict, and the error in the instruction, if any, was engendered by the defendants.

The judgment and order denying judgment notwithstanding the verdict are affirmed.

Kerrigan, J., and Gabbert, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.