[Civ. No. 11880. Third Dist. Dec. 30, 1969.]

BENTURA TELLES, Plaintiff and Appellant, v.
TITLE INSURANCE AND TRUST COMPANY et al.,
Defendants and Appellants.

**COUNSEL**

Robert C. Cook for Plaintiff and Appellant.

John H. Bickel, Landels, Ripley, Gregory & Diamond and Burton T. Bost for Defendants and Appellants.

## OPINION

**BRAY, J.**\*—Plaintiff appeals from judgment entered after jury verdict in his favor, contending that the judgment did not follow the jury verdict.[1] Defendants Title Insurance and Trust Company and Robert H. Myer appeal from said judgment which was modified by the court, and from order denying their motion to strike plaintiff's motion for leave to file cost bill late.[2]

Defendant Phillip W. Myer, Jr., appeals from order denying his motion for judgment notwithstanding the verdict and from order denying his motion to strike plaintiff's cost bill and granting plaintiff's motion for leave to file cost bill late.

### QUESTIONS PRESENTED

A.  Appeal of plaintiff and defendants, Title Company and Robert H. Myer.  Did the court have the power to correct the judgment?

B.  Defendant Phillip W. Myer, Jr.'s appeal. Should judgment notwithstanding the verdict or a new trial have been granted?

C.  All defendants. Propriety of order denying motions to strike cost bill and granting plaintiff leave to file cost bill late.

### RECORD

Plaintiff's complaint prayed for compensatory and punitive. damages based upon a claim of defendants' fraud and deceit in the sale of plaintiff's real property.  ▮  The jury returned a verdict providing as follows:

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Plaintiff moved for judgment notwithstanding the verdict but did not appeal from the order denying his motion.

[2]They also appealed from the order denying their motion for judgment notwithstanding the verdict. However, in their briefs they make no mention of this appeal.

| Against | Compensatory Damages | Exemplary or Punitive Damages |
|---|---|---|
| 1. Defendant Phillip Myer, Jr. | $ 6,000 | $ 5,000 |
| 2. Defendant Marvin R. Schafer[3] | 6,000 | 5,000 |
| 3. Defendant Robert H. Myer | 1,250 | 1,000 |
| 4. Defendant Title Ins. & Trust Co.[4] | 1,250 | |

A judgment was then entered against each defendant in the amount awarded against each defendant respectively.

After entry of judgment, plaintiff moved for an order directing the entry of a joint and several judgment against the four defendants for compensatory damages in the sum of $14,500. The trial court, however, determining that the defendants were joint tortfeasors, granted the motion to the extent of ordering the entry of a joint and several judgment against the four for compensatory damages in the sum of $6,000 only. Estate of Marvin R. Schafer did not appeal.[5]

### A. Appeal of Plaintiff
#### and
### Appeal of Defendants
### Title Company and Robert H. Myer

Plaintiff contends that the trial court was right in determining that defendants were joint tortfeasors but wrong in awarding a joint and several judgment against them for compensatory damages for only $6,000; it should have been for $14,500. Defendants Title Company and Robert H. Myer contend that the court had no power to change the jury verdict judgment.

The trial court in a memorandum in the way of a minute order stated that the defendants were joint tortfeasors; that under the case of *Phipps* v.

---

[3]Clark O. Schafer, Executor of the Estate of Marvin R. Schafer, substituted herein for defendant Schafer, deceased, moved for judgment notwithstanding the verdict, which motion was denied. He also moved, pursuant to section 573, Probate Code (no recovery against an estate for exemplary damages), to vacate the judgment insofar as it purported to charge the estate with punitive damages. This motion was granted. The estate has filed no appeal from denial of the order for judgment notwithstanding the verdict nor from the judgment for compensatory damages. No one has appealed from the order vacating the judgment for exemplary damages.

[4]There were seven additional persons named as defendants in the amended complaint. The jury found in their favor and plaintiff has not appealed from that portion of the judgment rendered thereon, nor from the denial of his motion for judgment notwithstanding the verdict. As to them, it is not necessary to consider them further. Reference to "defendants" hereinafter is to the other defendants herein.

[5]The awards for exemplary damages were not changed except as to the estate of Marvin Schafer.

*Superior Court* (1939) 32 Cal.App.2d 371 [89 P.2d 698], the court was authorized to correct the judgment; that inasmuch as the jury did not award a total amount the court could not provide a judgment for $14,500 but could and did grant a joint and several judgment against all four defendants for $6,000 compensatory damages.[6]

### A Court's Power to Change Judgment

*Mixon* v. *Riverview Hospital* (1967) 254 Cal.App.2d 364 [62 Cal.Rptr. 379], reviews many of the cases dealing with interpretation of verdicts where awards against joint tortfeasors are involved.[7] It states: "It is almost a commonplace that where an award is made in a fixed sum and the verdict then attempts an apportionment of the total among several joint tortfeasors, California courts treat the attempted apportionment as surplusage. [Citations]" (P. 374.) This is not the situation in the case at bench.

It then states: "However, where the verdict on its face does not fix a total which it attempts to apportion among several joint tortfeasors, separate awards against joint tortfeasors sometimes have been interpreted as fixing the award in the amount of one of the separate verdicts where the same amount is awarded against each defendant." (P. 374.)[8] Again, this is not the situation in the instant case.

It then refers to cases in which the verdicts were in separate different amounts where in such situations the judgments were reversed. Thus, in *West* v. *Duncan,* 205 Cal.App.2d 140 [22 Cal.Rptr. 833], the trial court had expressed an opinion that two separate different amounts in the verdict indicated the intention of the jury to award a total sum of the separate amounts. The appellate court refused to give such an interpretation, but held the verdict to be ambigous and reversed on that ground.

The interpretation of the trial court in *West,* which was reversed, is the interpretation that plaintiff in our case unsuccessfully sought to have the trial court make.

---

[6]Both the original and the modified judgment provided for interest from the date of the tort.

The court did not change the awards for exemplary damages, except as stated, to the award against the Schafer estate, and no complaint of those awards is made by the parties. Our discussion throughout deals only with the compensatory damages' awards.

[7]It points out that verdicts involving statutory liability of automobile owners are to be distinguished from cases not involving such liability. (Pp. 371-373.)

[8]See *Oakes* v. *McCarthy Co.* (1968) 267 Cal.App.2d 231, 260 [73 Cal.Rptr. 127], where in an action to recover damages for fraud and negligence the jury rendered separate judgments in the same amount against each of two defendants. The appellate court construed the judgments as being joint and several judgments for the amount awarded against each defendant and not for the total of those amounts.

In *Oldham* v. *Aetna Ins. Co.*, 17 Cal.App.2d 144 [61 P.2d 503], a verdict against two defendants for compensatory damages in a different amount as to each defendant was returned in an action for false arrest. The judgment entered against the defendants separately for the separate amounts mentioned in the verdict was reversed.

In *McCool* v. *Mahoney,* 54 Cal. 491, a malicious prosecution action, in which the verdict awarded a different amount against each of two defendants, a reversal resulted.

██ ██ It is the function of the trial judge to interpret the verdict from its language considered in connection with the pleadings, evidence and instructions, and if the trial court has refused to do so or has interpreted it erroneously, the appellate court will interpret the verdict if it is possible to give a correct interpretation. (*Mixon* v. *Riverview Hospital, supra,* 254 Cal.App.2d 364, 375; *Oakes* v. *McCarthy Co., supra,* 267 Cal.App.2d 231, 257.)

██ The plaintiff and the trial court felt that the verdict was erroneous and that the court could interpret it by determining that the jury found that defendants were joint tortfeasors and hence that the jury intended to render a joint and several verdict. But, considering the pleadings and the instructions, we find that there was no error in the verdicts and that they did not require interpreting except, as will hereinafter be discussed, that as defendant Robert H. Myer was admittedly the agent of defendant Title Company in the transactions, the Title Company's liability was derivative and plaintiff could not recover damages from the Title Company and additionally from its agent. There is no reporter's transcript and hence the evidence is not before the court.[9]

The verdicts followed the pleadings and the instructions.

We will consider first the amended complaint which consists of seven causes of action. The first count charges defendant Phillip Myer, Jr., Marvin R. Schafer and certain other persons with fraud in inducing plaintiff to part with title to her property for certain valueless notes and deeds of trust. The second count charges defendants Phillip Myer, Jr., Marvin R. Schafer, Robert Myer, the Title Company and certain other persons with conspiring to defraud plaintiff, as set forth in count I. The third count charges defendants, Phillip Myer, Jr., Marvin R. Schafer, Robert Myer, the Title Company and certain other persons with conspiracy similar to that set forth in count II, relating, however, to one certain promissory note

---

[9]Defendant Phillip Myer, Jr., in November 1968 filed a motion in this court to augment the record to include the instructions given and a reporter's transcript. The motion was granted as to the instructions but denied as to the transcript. No complaint is made as to this action of the court.

and deed of trust. Count IV charged two persons other than defendants with misrepresentations concerning the notes and deeds of trust described in count I. Count V, a charge similar to that in count IV was made against two persons other than defendants and the persons mentioned in count IV. Count VI charged defendants Robert Myer and the Title Company and alleged that Robert Myer was the agent of the Title Company and committed fraud in the preparation of a certain note and deed of trust and in the handling of its escrow which fraud was known to the Title Company. Count VII was dismissed prior to trial. Count VIII charged defendant Title Company and another person with fraud in withholding from plaintiff the fact that a certain note and deed of trust were defective. The amended complaint sought compensatory damages against all defendants in the sum of $16,000 and exemplary damages in the sum of $20,000. An additional sum of $6,400 compensatory damages was asked against the Title Company.

In three of them, neither defendant Marvin Schafer, nor Phillip Myer, Jr., nor Title Company was named as a defendant and no relief sought against any of them. In one of the counts, neither Title Company nor Robert H. Myer was named as a defendant. In two other counts, only defendants Title Company and Robert H. Myer are defendants. There is nothing in the record to disclose to which cause or causes of action the verdict is responsive. It is impossible to reconcile the difference in the awards with any finding of the jury that it found all defendants to be joint tortfeasors. ■ "[T]here should be only one verdict in a single sum for damages caused by the negligence of joint tortfeasors . . . . [Citations]" (*Mixon* v. *Riverview Hospital, supra,* at p. 376.)

■ A study of the instructions given is illuminating. At no time was the jury instructed on the doctrine of joint tortfeasorship, nor as to joint and several liability. There was language indicating to the jury that if the jury found any of the defendants guilty of fraud as charged, it should assess damages against such defendant in the amount which the plaintiff had suffered by such defendant's acts. The jury, in awarding damages, followed the court's instructions. Moreover, the form of verdict submitted to the jury gave no indication that joint and several awards were contemplated.

Attached to plaintiff's Memorandum Re Motion For Entry of Judgment Against Defendants Jointly and Severally are the declarations of the 12 jurors that they intended "That the total amount of compensatory damages intended to be awarded by said verdict was $14,500.00."

Plaintiff contends that this shows that the jurors intended to award $14,500 jointly and severally against the four defendants. The declarations do not say that. As we construe the verdicts $14,500 *is* the total amount of damages they did award.

However, "the affidavit of a juror cannot be used to construe or interpret a verdict." (*West* v. *Duncan* (1962) 205 Cal.App.2d 140, 143 [22 Cal.Rptr. 833], *Fernandez* v. *Consolidated Fisheries, Inc.* (1953) 117 Cal.App.2d 254, 263 [255 P.2d 863].)

The trial court erroneously felt that the jury intended a joint and several verdict against all defendants of $6,000, basing its determination upon the award against two of them in that amount each.

While it is the duty of the trial court to make the judgment conform to the verdict when the intention of the jury is clear from the language of the verdict, considered in connection with the pleadings, the evidence and the instructions (*Woodcock* v. *Fontana Scaffolding & Equipment Co.* (1968) 69 Cal.2d 452, 456 [72 Cal.Rptr. 217, 445 P.2d 881]), the court has no power to make a judgment that does not conform to the intention of the jury. Of some significance in determining that the jury intended to award the damages which it did award is the fact that the jury awarded no exemplary damages against the Title Company and only $1,000 against Robert H. Myer.

As the appeal is on the judgment roll plus the instructions only, it is claimed that the trial court's interpretation of the verdict must be presumed to be reasonably warranted under the evidence. This, of course, is the rule unless the "record affirmatively shows that the trial court's interpretation is erroneous." (*Snodgrass* v. *Hand* (1934) 220 Cal. 446, 448-449 [31 P.2d 198].)

Comparing the allegations of the complaint and the instructions, it clearly appears that the trial court's interpretation of the verdict is erroneous and that the original judgment on the verdict must stand.

### B. DEFENDANT PHILLIP W. MYER, JR.'S APPEAL

This defendant appealed from the order denying his motion for judgment notwithstanding the verdict.

His motion for new trial was on the grounds of insufficiency of evidence and failure to instruct on value as stated in Civil Code section 3356. The order denying a new trial is unappealable and can only be reviewed on an appeal from the judgment. Defendant did not appeal from the judgment as originally rendered or modified. Hence, there is nothing before us on this subject. Had he appealed, as the validity of both of his grounds on motion for new trial could only be determined by an examination of the evidence, and the evidence is not before us, we would have been unable to go into the matter.

Defendant's appeal from the order denying his motion for judg-

ment notwithstanding the verdict: This order is appealable. (*Elisalda* v. *Welch's Sand & Gravel Co.* (1968) 260 Cal.App.2d 46, 50 [67 Cal.Rptr. 57].) We cannot now consider that appeal for the reason that the sole ground of that motion was insufficiency of the evidence to support the verdict. Defendant appealed on the judgment roll alone, and as the evidence at the trial is not before us, we must assume that it was sufficient to support the judgment. There is in the record neither a reporter's transcript nor a statement of the facts.

### C. APPEAL OF ALL DEFENDANTS FROM ORDER DENYING MOTION TO STRIKE AND GRANTING LEAVE TO FILE PLAINTIFF'S COST BILL

On July 13, 1967, the trial court granted plaintiff's motion for relief from default under Code of Civil Procedure section 473 for his failure to timely file his cost bill. ■ Under Code of Civil Procedure section 1033, the party in whose favor judgment is ordered and who claims costs must file a memorandum of his costs not later than 10 days after the judgment is entered.

■ Code of Civil Procedure section 473 provides in pertinent part that "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." Judgment was entered on May 20. In his declaration accompanying his motion for relief from default, plaintiff's attorney stated that he had received notice of entry of judgment on May 22. Plaintiff filed his cost bill on June 29. Plaintiff's attorney stated in his declaration that an urgent legal matter in his office required his attention from May 23 to June 15, and necessitated his absence from the state from May 30 to June 15. He also alleged that he was under the understanding that all rights had been reserved to the parties in the hearing of May 22, 1967.

The transcript taken of the May 22d hearing shows the following discussion between counsel: "MR. BICKEL [Attorney for defendants Robert H. Myer and the Title Co.]: From our standpoint, I would like to reserve further motions until we get the judgment settled. THE COURT: Your motions for new trial are all reserved. MR. BICKEL: And judgment notwithstanding, I assume. THE COURT: Yes, to the extent they are applicable. Incidentally, you don't have to make motions for nonsuit any more in order to move for a judgment notwithstanding the verdict. That law is changed. So you can make those motions if they are timely. You watch the time on these things. MR. COOK: I was going to make a motion at this time for judgment notwithstanding the verdict as to Donald O. Solem, La Bella, Klovee, Leoni, and Line [Lyne], but I believe I will wait until our next

meeting. THE COURT: All right. I might say I don't think you have much hope. I don't want anybody to worry about that."

The declaration filed by plaintiff is possibly deficient in that portion attempting to show excusable neglect by his preoccupation with another matter and his absence from the state. *Fairfield* v. *Ahlstrom* (1962) 206 Cal.App.2d 590, 592 [24 Cal.Rptr. 70], holds that press of business is not sufficient to show excusable neglect (see also *Willet* v. *Schmeister Mfg. Co.* (1926) 80 Cal.App. 337, 340 [251 P. 932]). However, the court probably determined, on review of the plaintiff's declaration that, in the light of the May 22d hearing, the attorney's claim that he understood from the above discussion that he need not file a motion for costs until the judgment was settled, that his mistake in that behalf was excusable. The record shows that the transcript taken at the hearing was before the trial court when it made its determination under Code of Civil Procedure section 473. Whether the attorney could properly draw such a conclusion was a matter properly within the discretion of the court, and no abuse of that discretion is shown. (See *City of Salinas* v. *Souza & McCue Constr. Co.* (1967) 66 Cal.2d 217, 229 [57 Cal.Rptr. 337, 424 P.2d 921]; *Soda* v. *Marriott* (1933) 130 Cal.App. 589, 594 [20 P.2d 758].)

The judgment as amended by the trial court is reversed. The original judgment is modified by making the judgment against the Title Company and Robert H. Myer for compensatory damages a joint and several judgment in the sum of $1,250, and by eliminating the exemplary award against the estate of Marvin R. Schafer. In all other respects the original judgment is affirmed.

The order of July 7, 1967, purporting to amend the judgment is reversed.

The order denying motions to strike plaintiff's cost bill and granting plaintiff's motion for leave to file cost bill late and the order denying defendant Phillip W. Myer, Jr.'s motion for judgment notwithstanding the verdict are affirmed.

Defendant's Title Insurance and Trust Company and Robert H. Myer will recover costs on appeal. The other parties will bear their own costs on appeal.

Pierce, P. J., and Regan, J., concurred.