## DUANE CROHN, BY HIS FATHER AND NATURAL GUARDIAN, ELMER CROHN, AND ANOTHER v. GREGORY DUPRE AND OTHERS.

190 N. W. (2d) 678.

October 15, 1971—No. 42230.

*Cummins, Gislason, Sheahan, Joyce & McHaffie, Michael J. Sheehan, Nord, Webster & Brennan,* and *David Nord,* for appellants.

*Altman, Geraghty, Leonard & Mulally, J. H. Geraghty,* and *Terence O'Loughlin,* for respondent El Rehbein & Sons, Inc.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Kelly, JJ.

PETERSON, JUSTICE.

Plaintiffs, who bring this action to recover damages for loss of an eye by plaintiff Duane Crohn, appeal from judgment for defendants.

On April 25, 1967, plaintiff Duane Crohn, then age 4, while playing on an undeveloped residential lot owned by defendant El Rehbein and Sons, Inc. (hereafter Rehbein), was accidentally struck in the eye by a piece of lime-cement thrown in his direction by defendant Gregory Dupre, then age 12. The lime-cement, highly caustic because of its alkaline content, burned and eroded Duane's eye.

Judgment for defendants was based upon the jury's findings that the young defendant Dupre was not negligent and that, although defendant Rehbein was negligent in the maintenance of its premises, its negligence was not a direct cause of the injury to Duane.

A careful study of the record leads to a conclusion that the jury's finding of noncausal negligence as to Rehbein was most probably based on a feeling that the innocent act of Dupre was a superseding cause, the trial court having given an instruction permitting such a finding.

The jury's finding as to direct cause is clearly inconsistent with its finding as to negligence. By its finding of negligence, the jury necessarily had to find that Rehbein knew of a condition on its land from which an unreasonable danger to children was reasonably to be anticipated; that is, the jury had to find that Rehbein had reason to anticipate the kind of occurrence which caused Duane's injury.[1] Conversely, an implicit jury find-

---

[1] 2 Restatement, Torts (2d) § 339, states: "A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

"(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

"(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an

ing that Dupre's act constituted a superseding cause of the injury necessarily imports a finding that Rehbein could not have reasonably anticipated that act.[2] The court's instruction regarding superseding cause, although given without objection, was inappropriate because Dupre's act of throwing the lime-cement, negligent or not, could not be a superseding cause. The act was reasonably foreseeable and was, in the words of 2 Restatement, Torts (2d) § 449, *comment b*, "the very event the likelihood of which makes the [landowner] actor's conduct negligent and so subjects the actor to liability * * *."

We think that there should be a new trial, on the issue of liability only, with respect to plaintiffs' claim against defendant Rehbein. No issue with respect to the amount of damages was raised by either party. The sufficiency of the evidence to sustain the verdict as to defendant Rehbein's negligence may be arguable but that is not now in issue. The perversity of the verdicts and

---

unreasonable risk of death or serious bodily harm to such children, and

"(c)   the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

"(d)   the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

"(e)   the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children." This Restatement rule was adopted for Minnesota in Gimmestad v. Rose Brothers Co. Inc. 194 Minn. 531, 261 N. W. 194, and has consistently been followed. See, e. g., Hocking v. Duluth, Missabe & Iron Range Ry. Co. 263 Minn. 483, 117 N. W. (2d) 304. The trial court appropriately instructed the jury according to this rule.

   [2] As stated in Kroeger v. Lee, 270 Minn. 75, 78, 132 N. W. (2d) 727, 729, "[f]or a cause to be superseding, the following elements must be present: (1) Its harmful effects must have occurred after the original negligence; (2) it must not have been brought about by the original negligence; (3) it must actively work to bring about a result which would not otherwise have followed from the original negligence; and (4) *it must not have been reasonably foreseeable by the original wrongdoer.*" (Italics supplied.)

the nature of this record make it impossible to determine whether or not the jury concluded that Rehbein had reason to know that a particular condition on its land was likely to be dangerous to trespassing children, the finding upon which causal negligence must be based. A new trial as to the issue of liability on the part of defendant Rehbein only, without an instruction as to superseding cause, should remove the doubt. We affirm the judgment as to defendant Dupre, however, upon the uncontested finding that he was not negligent.

Affirmed as to defendant Dupre; reversed and remanded for a new trial as to the liability of defendant Rehbein.

The opinion filed herein on September 17, 1971, is withdrawn and this opinion is substituted in its place. Petition for rehearing is denied.