Judie C. FLORENZANO, individually and as parent and natural guardian of Ashle E. Florenzano and Zachary B. Florenzano, Appellant,

v.

Frederick OLSON and Bankers Life Company, an Iowa Business Company, Respondents.

No. C1-84-436.

Court of Appeals of Minnesota.

Nov. 27, 1984.

James D. Miller, Samuel D. Orbovich, Broeker, Hartfeldt, Hedges & Grant, Bloomington, for appellant.

Robert G. Bayer, Dorsey & Whitney, Minneapolis, for respondents.

Heard, considered, and decided by WOZ-NIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

This is a misrepresentation action in which the comparative fault of the plaintiff, Florenzano, was submitted to the jury. The jury determined that Florenzano was defrauded by Olson, but that in the same transaction Florenzano was 62.5% negligent and Olson was 37.5% negligent. By applying the Minnesota Comparative Fault Act, the court denied Florenzano damages which the jury had found to be $187,281.31. We reverse and remand for new trial on the issue of fraud.

## FACTS

In 1973 Judie Florenzano and her husband purchased their first home. She was 26 years old and worked as a psychiatric nurse. Shortly after the purchase, Olson, an insurance agent, approached them to buy mortgage insurance. During one meeting with regard to the couple's insurance needs, Florenzano raised a question regarding her options for Social Security coverage. Florenzano claims that Olson advised her to discontinue coverage since she would be covered under her husband's Social Security regardless. In fact, she withdrew from the Social Security system. Tragically, in 1977 Florenzano contracted multiple sclerosis and became totally disabled. She and her children are ineligible for Social Security disability benefits she otherwise would have received had she continued to participate.

At trial the Florenzanos testified that Olson impressed them with the accouterments of a successful insurance salesman: new car, nice grooming, talk of being in the million dollar round table. Olson had been an insurance salesman for six months prior to meeting the Florenzanos and knew little about Social Security coverage. The Florenzanos sought his advice on Social Security at a time when Judie's employer offered her three options:

A) to continue to participate,

B) to withdraw her previous contributions and not participate, or

C) to withdraw her previous contributions retaining the option to participate in the future.

The Florenzanos were inclined towards the last alternative, but testified that Olson told them they would be "damn fools" to do other than option B. Mr. Florenzano testified that he recognized this to be an opinion, but nonetheless the couple was persuaded. Other evidence showed that the Florenzanos were both well-educated, held responsible jobs, and had other opportunities to check out the ramifications of their decision with experienced persons before they made up their minds to withdraw Judie from Social Security coverage.

Based on this evidence, the jury was submitted a special verdict form. Their answers established that Olson made a material false statement, that Florenzano justifiably relied on the misrepresentation, that the statute of limitations was not tolled, and that damages were $187,281.31. The jury also determined that Florenzano was 62.5% negligent and Olson was 37.5% negligent with respect to the loss of her Social Security benefits. Independently the court determined that the gravamen of this action was negligent misrepresentation and it applied the Minnesota Comparative Fault Act, section 604.01. Because Florenzano's fault exceeded Olson's, the court entered judgment for Olson and denied the recovery of damages. Prior to instructing the jury, Florenzano had objected to the submission of comparative fault to the jury.

### ISSUE

Was it appropriate to apply Minnesota's Comparative Fault Act to an action for misrepresentation?

### ANALYSIS

■ This is a case of first impression. The Minnesota Comparative Fault Act[1] applies to "an action by any person * * * to recover damages for fault resulting in death or injury to person or property." Minn.Stat. § 604.01, subd. 1 (1982). Fault is defined as "acts or omissions that are in any measure negligent or reckless toward the person or property." Minn.Stat. § 604.01, subd. 1a (1982). Broad as this language is, we nonetheless rule that it does not apply to an action for negligent misrepresentation.

■ To establish liability for fraud, a plaintiff must prove justifiable reliance. *See Weise v. Red Owl Stores, Inc.*, 286 Minn. 199, 175 N.W.2d 184 (1970). Whether a plaintiff in a fraud action reasonably relied is tantamount to whether a plaintiff in a fraud action was negligent. A question to the jury relating to plaintiff's reliance obviates the need for a separate question relating to plaintiff's fault.

■ Here the jury found explicitly that Florenzano's reliance was justified. In a separate question, the jury determined that Florenzano was 62.5% negligent. These answers are inconsistent. Irreconcilable responses require us to remand and order a new trial. *Crohn v. Dupre*, 291 Minn. 290, 190 N.W.2d 678 (1971). In so ruling, we join at least one other jurisdiction that has considered this specific issue. The California Court of Appeals has declined to apply comparative fault to negligent misrepresentation based on its view of the underlying policies:

> The modern law of misrepresentation evolved from the "action on the case of deceit" in business transactions. Business ethics justify reliance upon the accuracy of information imparted in buying and selling, and the risk of falsity is on the one who makes a misrepresentation. This straight-forward approach provides an essential predictability to parties in the multitude of everyday exchanges; application of comparative fault principles, designed to mitigate the often catastrophic consequences of personal injury,

---

1. There is an issue as to whether the current version of section 604.01 or its predecessor applies to this action. The predecessor related to comparative negligence rather than comparative fault. Minn.Stat. § 604.01 (1976). Our analysis applies equally to either version.

would only create unnecessary confusion and complexity in such transactions. [citations omitted]

*Carroll v. Gava,* 98 Cal.App.3d 892, 898, 159 Cal.Rptr. 778, 781 (1980). Olson's statements were incidental to his sales pitch. We agree that the application of comparative fault in these circumstances results in confusion. *Contra see Robinson v. Poudre Valley Fed. Credit Union,* 654 P.2d 861 (Colo.App.1982).

Because neither party disputes the jury's determination of damages nor the conclusion that the statute of limitations was not tolled, these matters stand and need not be retried.

## DECISION

We reverse and remand for new trial on the issue of fraud.