[No. G011178. Fourth Dist., Div. Three. June 30, 1992.]

STEVEN NEAL, Plaintiff and Respondent, v.
MONTGOMERY ELEVATOR COMPANY, Defendant and Appellant.

## COUNSEL

Danner & Bishop and Harvey L. Goldhammer for Defendant and Appellant.

Oliver, Sloan, Moore, Vargas, McMillan, Jacobs & Pico, Janice Corsino and Tristan R. Pico for Plaintiff and Respondent.

## OPINION

**WALLIN, J.**—Montgomery Elevator Company appeals from the order granting Steven Neal's motion for a new trial on his cause of action for strict liability arising out of the amputation of his hand during maintenance work on an elevator manufactured by Montgomery. The trial court granted the motion because the special verdict form had not been revised to comport with the burden of proof instruction set forth in *Bernal* v. *Richard Wolf Medical Instruments Corp.* (1990) 221 Cal.App.3d 1326 [272 Cal.Rptr. 41]. Montgomery claims such a revision is not necessary under *Bernal* and, furthermore, Neal waived any defect by failing to object at trial and failing to raise the issue in his new trial motion. We find the special verdict form was correct and reverse.

In 1988, Neal was cleaning an elevator drive sheave at California State University at Fullerton in connection with his employment with Tillipman Elevator Company. Although he had been trained to take an elevator out of service before cleaning it, Neal did not do so on this occasion, deciding instead to listen for start-up noises as a safety precaution. The elevator started to run without audible warning, however, and Neal's hand became caught between the cables and the drive sheave, resulting in an amputation through the metacarpals of his right hand. Neal sued, among others, Montgomery, the manufacturer of the elevator, for products liability and general negligence; the case was tried in March 1989.

The parties agreed to products liability jury instructions on burden of proof and defective design based on *Bernal* v. *Richard Wolf Medical Instruments Corp., supra,* 221 Cal.App.3d 1326.[1] They also agreed that BAJI No. 16.11 (7th ed. 1986), the special verdict form for negligence and products

---

[1]The court instructed the jury on the burden of proof for products liability as follows: "Plaintiff claims that the elevator was defective in design because the risk of danger inherent in the design outweighs the benefits of that design. On this cause of action for strict liability, plaintiff has the burden of proving by a preponderance of the evidence all of the facts necessary to prove the following issues: [¶] First, that Montgomery Elevator Company was the manufacturer of the elevator. [¶] Second, that the design of the elevator that injured plaintiff was the same as the design of the elevator when it left Montgomery's possession. [¶] Third, that the design of the elevator was a proximate cause of plaintiff's injury. [¶] Fourth, that the elevator was used in a manner reasonably foreseeable by the defendant. [¶] And fifth, the nature and extent of plaintiff's injuries and damages.

"Since plaintiff contends the risk of danger inherent in the design outweighs the benefits of that design, the defendant has the burden of proving by a preponderance of the evidence all of

liability, was appropriate for the case. Although the court suggested counsel could modify the form "if it needs to be modified to conform with *Bernal*," Neal declined.

The jury returned its verdict in favor of Montgomery. Question number one of the special verdict form asked, "Was there a defect in design of the product involved as to the defendant?" Nine jurors responded "No" and three "Yes." They similarly found Montgomery was not negligent.

Neal timely filed a notice of intention to move for new trial under Code of Civil Procedure section 657,[2] listing the statutory grounds as irregularity in the proceedings, misconduct of the jury, accident or surprise, insufficiency of the evidence or verdict against law, and error in law occurring at trial and excepted to by the party applying for a new trial. He subsequently filed a document entitled "Motion for New Trial," on the grounds that "the verdict of the jury was against the clear weight of the evidence in this case, is unsupported by substantial evidence, and is the product of jury misconduct in that the jury considered and basic [*sic*] its verdict upon extrinsic evidence not offered in evidence at the trial of this matter."

At the hearing, the trial court instructed counsel to address its concern that the special verdict form was at variance with the burden of proof instruction taken out of *Bernal*, although that issue had not been raised by Neal. After argument, the court granted the motion as to the products liability cause of action, finding that the special verdict form should have presented the issues to the jury in the same way as the burden of proof instruction and that the inconsistency constituted a material error of law.[3]

---

the facts necessary to prove the following: [¶] One, that on balance, the benefits of the design of the product as a whole outweigh the risk of danger inherent in such design. In making this determination, you may consider, among other things, the gravity of the danger posed by the design; the likelihood that such danger would cause damage; the mechanical feasibility of a safer alternate design at the time of manufacture; the financial cost of an improved design; and the adverse consequences to the product and the consumer that would result from an alternate design. [¶] Second, that the plaintiff was negligent. [¶] And third, that the plaintiff's negligence contributed as a proximate cause of his injury."

[2]All statutory references are to the Code of Civil Procedure.

[3]The court's order stated, "It is this Court's conclusion that the Special Verdict on this cause of action should have presented the issues to the jury for their discussion in the language taken verbatim from the *Bernal* opinion, e.g. 1) Was defendant the manufacturer of the product? 2) Was the design of the product that injured plaintiff the same as the design of the product when it left defendant's possession? 3) Was the design of the product a legal cause of plaintiff's injury? 4) Was the product used in a manner reasonably foreseeable by the defendant? Instead, the Jury was asked: 'Was there a defect in design of the product involved as to the defendant?' [¶] It is this Court's conclusion that the variance between the Instructions and the Special Verdict was significant and justifies a new trial."

I

■ Montgomery first contends the trial court was powerless to grant the new trial motion because Neal failed to object to the special verdict form at trial and failed to raise it as a ground for his motion. We find the order was within the court's jurisdiction and we can review it on its merits.

■ A motion for new trial is a creature of statute; accordingly, if the trial court grants such relief without conforming to the statutory procedures, the order will be void as in excess of jurisdiction. (*Sanchez-Corea* v. *Bank of America* (1985) 38 Cal.3d 892, 899-900 [215 Cal.Rptr. 679, 701 P.2d 826]; *Mercer* v. *Perez* (1968) 68 Cal.2d 104, 118 [65 Cal.Rptr. 315, 436 P.2d 315].) Section 657 authorizes the granting of a new trial "on the application of the party aggrieved" for any of seven statutorily specified grounds, including "[e]rror in law, occurring at the trial and excepted to by the party making the application." (§ 657, subd. (7).) Section 659 requires the moving party to designate the grounds on which the motion will be made in the notice of intention to move for a new trial. The court's order granting the motion shall specify the grounds on which it is based; on appeal, however, the order shall be affirmed "if it should have been granted upon any ground stated in the motion, whether or not specified in the order," except the ground of insufficiency of the evidence, which must be stated in the order. (§ 657.)

■ Here, the trial court's order clearly indicates the new trial was granted due to a material error of law. Although not urged by Neal in his moving papers or at oral argument, error at law was listed as one of the grounds in his notice of intention to move for new trial. This was sufficient to place the issue before the trial court. (See *Wagner* v. *Singleton* (1982) 133 Cal.App.3d 69 [183 Cal.Rptr. 631].)

■ Montgomery complains that Neal failed to object to the special verdict form at trial and should be precluded from relying on it as a basis for a new trial motion. "But the rules applicable to . . . invited error or to estoppel[ ] have no application when an appellate court is considering the propriety of an order granting a new trial. If the trial court had denied the new trial such an error would be considered waived by failure to object. But the trial court has broad discretion in considering motions for a new trial." (*Malkasian* v. *Irwin* (1964) 61 Cal.2d 738, 747 [40 Cal.Rptr. 78, 394 P.2d 822]. See also *Seimon* v. *Southern Pac. Transportation Co.* (1977) 67 Cal.App.3d 600, 604-605 [136 Cal.Rptr. 787]; *Miller* v. *National American Life Ins. Co.* (1976) 54 Cal.App.3d 331, 346 [126 Cal.Rptr. 731].)

II

■ Having found that the trial court had the power to grant the new trial motion, we review the order on its merits. We agree with Montgomery's

contention that *Bernal* does not require the modification of the special verdict form ordered by the trial court. In *Bernal*, the plaintiff was injured when arthroscopic scissors distributed by the defendant broke during his knee surgery. Plaintiff sued for, inter alia, strict products liability based on a defective design. The jury was instructed, " 'With respect to the existence of a defect in the design of the scissors, plaintiff must show by a preponderance of the evidence that a reasonable alternative design was possible, which would have avoided the breakage complained of.' " (*Bernal* v. *Richard Wolf Medical Instruments Corp.*, *supra*, 221 Cal.App.3d at p. 1330.) The court concluded the instruction was erroneous because under the risk-benefit test of *Barker* v. *Lull Engineering Co.* (1978) 20 Cal.3d 413 [143 Cal.Rptr. 22r, 573 P.2d 443], once the plaintiff makes a prima facie showing that the injury was proximately caused by the product's design, the burden shifts to the defendant to prove that the product is not defective. (*Bernal* v. *Richard Wolf Medical Instruments Corp.*, *supra*, 221 Cal.App.3d at p. 1332.)

Accordingly, the *Bernal* court set out an appropriate burden of proof instruction for design defect, which the trial court here adopted verbatim. (See fn. 1, *ante*.) This instruction laid out each issue on which the plaintiff and defendant had the burden of proof. Furthermore, the products liability design defect instruction given to the jury repeated the principle that "once the plaintiff has demonstrated that the design of the product was a proximate cause of his injuries, it then becomes the burden of the defendant to show by a preponderance of the evidence that the benefits of the product's design outweigh the dangers inherent in that design."

Both instructions specifically define what constitutes a defect in design. Using these instructions as a guide, the jury could logically evaluate the evidence and answer the special verdict's first question, "Was there a defect in the design of the product?" This conclusion is supported by *Bernal* where, although the same special verdict form was used, it was the crucial burden of proof instruction that drew the court's attention. "The jury's special verdict finding no defect in the design of the surgical instrument quite likely resulted from their following the [trial] court's instructions. It may well have determined the issue of design defect adversely to Bernal because he did not sustain his purported burden of proof regarding a safer alternative design." (221 Cal.App.3d at p. 1335.) The jury in this case was provided with correct instructions and we see no reason why they had to be repeated in detail in the special verdict form.

■ Although generally a new trial order will be affirmed if it should have been granted on any ground stated in the notice of intention (*Sanchez-Corea* v. *Bank of America*, *supra*, 38 Cal.3d 892), where "a trial court in

granting a new trial based its order exclusively upon an erroneous concept of legal principles applicable to the cause, its order will be reversed [citation]." (*Conner* v. *Southern Pacific Co.* (1952) 38 Cal.2d 633, 637 [241 P.2d 535].)

Accordingly, the order granting a new trial is reversed and the original judgment for Montgomery is reinstated. Montgomery is entitled to costs of appeal.

Crosby, Acting P. J., and Sonenshine, J., concurred.