[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff moves to strike the defendant's special defense of contributory negligence, where the plaintiff has alleged that the defendant negligently misrepresented the terms of the plaintiff's prospective employment.
Plaintiff brings this five count action alleging in the first count that the defendant negligently misrepresented the terms of the plaintiff's employment with the defendant. In the second count, the plaintiff alleges that the defendant breached its employment contract with the plaintiff. In the third count, the plaintiff alleges that the defendant breached its obligation to deal with the plaintiff in good faith. In the fourth count, the plaintiff alleges that the defendant negligently inflicted emotional distress upon the plaintiff. In the fifth CT Page 7598 count, the plaintiff alleges that defendant's conduct violated the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes 42-110a, et seq. The fourth and fifth counts of the complaint were stricken by the court, Burns, J., on February 19, 1992 pursuant to a motion to strike filed by the defendant. The plaintiff has not repleaded these counts.
On April 1, 1992, the defendant filed an answer and two special defenses. In the second special defense, which is directed at the first count, the defendant asserts that "the plaintiff was contributorily negligent in that his reliance upon any representation regarding his future employment by the defendant was not reasonable."
On April 14, 1992, the plaintiff filed a motion to strike the defendant's special defenses, accompanied by a memorandum of law in support thereof.
On May 11, 1992, the defendant filed a memorandum in opposition to the plaintiff's motion to strike. In this memorandum the defendant withdrew its first special defense, and agreed to replead the second special defense with additional specificity. Therefore, this memorandum of decision only addresses the validity of a defense of contributory negligence to a claim of negligent misrepresentation; it does not address whether the defendant has alleged sufficient facts to support such a special defense.
"Whenever any party wishes to contest. . .the legal sufficiency of. . .any part of [an] answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book 152(5).
The plaintiff argues that if the court permits this special defense, the defendant would be allowed to misrepresent without incurring liability. The plaintiff also cites Kavarco v. T. J. E., Inc., 2 Conn. App. 294,478 A.2d 257 (1984) in which the court held that a buyer's right to rescind is not precluded by the buyer's failure to investigate the seller's fraudulent misrepresentations.
The defendant argues that contributory negligence is generally available as a special defense. The defendant also cites Homan v. Daughters of The Holy Spirit, Inc., 3 CSCR 336 (March 11, 1988, Noren, J.). CT Page 7599
In Homan v. Daughters of The Holy Spirit, Inc., supra, the plaintiffs alleged, inter alia, that the defendant real estate broker failed to disclose that the property which the plaintiffs purchased was in the direct flight path of an airport. Id. In a special defense, the defendant alleged that the plaintiffs were negligent in failing to investigate the effect the airport would have on the property. Id. The plaintiffs moved to strike this special defense on the ground of legal insufficiency. Id.
The plaintiffs in Homan argued that their allegations asserted a fraudulent misrepresentation claim, and that a party's negligence is not a defense to this cause of action. Id., 337. The defendant argued that the allegations asserted a negligence claim, and that contributory negligence is a special defense to negligence. Id.
Without deciding whether the plaintiffs' allegations sounded in fraudulent misrepresentation or negligence, the court denied the motion to strike defendant's special defense. "[U]nder certain circumstances, a party's failure to investigate may constitute a defense to a fraudulent misrepresentation cause of action. On the other hand, if [the plaintiffs' allegations sound] in negligence, contributory negligence is a defense. . . ." Id.
No Connecticut appellate level decisions have addressed the issue of whether contributory negligence may be raised as a special defense to a claim of negligent misrepresentation. However, in D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 217-18, 520 A.2d 217 (1987), the court stated:
 This court has long recognized liability for negligent misrepresentation. We have held that even an innocent misrepresentation of fact `may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth.' . . . The governing principles are set forth in similar terms in 552 of the Restatement Second of Torts (1979): `One who, in the course of his business, profession or employment . . . supplies false information CT Page 7600 for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.' (Citations omitted).
Id.
In citing Restatement 552 along with the court's own precedents, the supreme court implied that the Restatement's negligent misrepresentation principles constitute an influential authority. The Restatement addresses the contributory negligence defense at 552A: "The recipient of a negligent misrepresentation is barred from recovery for pecuniary loss suffered in reliance upon it if he is negligent in so relying." 3 Restatement (Second) Torts (1979), 552A.
A number of jurisdictions have adopted Restatement 552A. See, e.g., Robinson v. Poudre Valley Federal Credit Union, 680 P.2d 241, 243
(Colo.App. 1984) ("As in other comparative negligence cases, the recipient of a negligent misrepresentation is held to the standard of care, knowledge, intelligence, and judgment of a reasonable person under the circumstances."); McElroy v. Boise Cascade Corp.,632 S.W.2d 127, 136 (Tenn.App. 1982) ("A cause of action based on negligent misrepresentation is one sounding in tort. As such, it is subject to all usual defenses of a negligence action, including contributory negligence."); Silva v. Stevens, ___ Vt. ___,589 A.2d 852, 860 n. 7 (1991) ("[C]ontributory negligence is a defense to negligent misrepresentation."); Forbes v. Par Ten Group, Inc., 99 N.C. App. 587,394 S.E.2d 643, 649 (1990) ("We recognize that `[t]he recipient of a negligent misrepresentation is barred from recovery for pecuniary loss suffered in reliance upon it if he is negligent in so relying.'"); Federal Land Bank Association v. Sloane, 793 S.W.2d 692, 696
n. 4 (Tex.Ct.App. 1990) ("Contributory negligence is a defense to the cause of action for negligent misrepresentation."); French Market Plaza Corp. v. Sequoia Ins. Co., 480 F. Sup. 821, 826 (E.D.La. 1979) ("[T]he defendants may show that the plaintiffs were contributorily negligent, barring recovery."); Sedco Int'l., S.A. v. Cory, 522 F. Sup. 254, 326 (S.D.Iowa CT Page 7601 1981) ("[I]f [the plaintiff] himself failed to exercise the care of a reasonably prudent person in relying on [the defendant's] representations, then his cause of action for negligent misrepresentation. . . would be barred."). But see Carroll v. Gava, 98 Cal.App.3d 892,159 Cal.Rptr. 778, 781 (Cal.App. 1979) (although the court did not refer to the Restatement, it refused to apply comparative negligence principles to a negligent misrepresentation claim).
We view the Restatement's position on this issue as contained in 552A to be persuasive and hold that contributory negligence constitutes a valid special defense to a negligent misrepresentation claim. Accordingly the motion to strike is denied.
Mary R. Hennessey, Judge