[No. A072273. First Dist., Div. Two. Feb. 5, 1997.]

ALLAN W. SHAPIRO, Plaintiff and Appellant, v.
PRUDENTIAL PROPERTY AND CASUALTY CO. et al., Defendants
and Appellants.

**COUNSEL**

Lerner & Veit, Glenn A. Lerner and Russell F. Rowen for Plaintiff and Appellant.

Ropers, Majeski, Kohn & Bentley, Mark G. Bonnino and Allison L. Dobbrow for Defendants and Appellants.

**OPINION**

**LAMBDEN, J.**—The Prudential Property and Casualty Co. et al. (Prudential) appeal the court's decision to grant a new trial on damages pursuant to

Code of Civil Procedure section 657. (All further unspecified code sections refer to the Code of Civil Procedure.) Allan W. Shapiro, M.D. (Shapiro) cross-appeals the court's denial of his motions to vacate the judgment and enter a different judgment (pursuant to § 663) and to impose a "partial" judgment notwithstanding the verdict (JNOV) (pursuant to § 629).

We find the trial court had jurisdiction to grant a new trial on damages based on Shapiro's motion to correct the verdict. We also find no merit to Shapiro's cross-appeal. Accordingly, we affirm.

## BACKGROUND

On October 20, 1991, Shapiro lost his home in the Berkeley-Oakland fire. As a result, he filed a claim with his homeowners insurer, Prudential. Later, after disputing the insurance coverage, he sued Prudential for, among other claims, negligently misrepresenting "that the terms and conditions of said policy as issued were sufficient and adequate to protect Plaintiff in the event of a total loss."

After a jury trial, the jury rendered its special verdict finding Prudential liable for negligent performance of professional services with regard to Shapiro's gun collection and awarded him $180,575.38 in damages. Shapiro had listed $379,710 as the amount lost for his firearms inventory.

The special verdict form contained the following unsigned notation directly above the award of damages at the upper corner of the page:

"$19,198.63 Code Upgrades [*sic*]

"$161,376.75 Coverage of gun collection

"42.5 % agent of responsability [*sic*]

"of $379,710"

Judgment was entered on July 10, 1995, in favor of Shapiro in the amount of $180,575.38. On July 28, 1995, Shapiro moved pursuant to section 663 to set aside the judgment and enter a different judgment, and pursuant to section 629, for a "partial" JNOV.

The court granted a limited new trial on the issue of damages on September 11, 1995. The court concluded: ". . . While Plaintiff appears to be correct in his initial arguments, it is not clear from the special verdict form that nine or more of the jurors agreed 42.5% figure [*sic*], its application or its

meaning. It is not, therefore, appropriate to enter a new judgment based on speculation as to the jury deliberations or conclusions. . . ." The court continued: "Under the circumstances, this court believes that the only fair and reasonable course of action is to treat this motion as one for a new trial, to grant the motion based upon the questionable notations of the jury, but to limit the new trial to the issue of the total amount of damages to be awarded Plaintiff on his cause of action for negligent misrepresentation for the gun collection only. . . ."

## DISCUSSION

### I. *Prudential's Appeal*

Prudential argues the court exceeded its jurisdiction by granting a new trial limited to the issue of damages, since Shapiro never moved for a new trial pursuant to section 657. The court had no inherent power to grant a new trial, according to Prudential, because the grounds for a new trial are statutory. (*Healy Tibbitts Constr. Co.* v. *Employers' Surplus Lines Ins. Co.* (1977) 72 Cal.App.3d 741, 754 [140 Cal.Rptr. 375, 97 A.L.R.3d 1258] (*Healy Tibbitts*); *Smith* v. *Moffat* (1977) 73 Cal.App.3d 86, 91 [140 Cal.Rptr. 566]; *Neal* v. *Montgomery Elevator Co.* (1992) 7 Cal.App.4th 1194, 1198 [9 Cal.Rptr.2d 497] ["A motion for new trial is a creature of statute; accordingly, if the trial court grants such relief without conforming to the statutory procedures, the order will be void as in excess of jurisdiction."].)

Neither the motion to correct the verdict pursuant to section 663 nor the motion for a partial JNOV pursuant to section 629 can be interpreted, Prudential argues, as a request for a new trial. Prudential acknowledges the caption does not need to be named explicitly as a motion for a new trial, but the motion must be based on a request for such relief. (*Ramirez* v. *Moran* (1988) 201 Cal.App.3d 431, 434 [247 Cal.Rptr. 117].)

A new trial can only be granted if the request for relief conforms to the statutory procedures. (*Neal* v. *Montgomery Elevator Co., supra,* 7 Cal.App.4th 1194, 1198.) If properly before it, the trial court has the power to grant a new trial limited to the issue of damages. (*Liodas* v. *Sahadi* (1977) 19 Cal.3d 278, 285 [137 Cal.Rptr. 635, 562 P.2d 316] [" 'A new trial limited to the damage issue may be ordered where it can be reasonably said that the liability issue has been determined by the jury.' "].) Therefore, the sole issue raised by Prudential's appeal is whether Shapiro's postjudgment motions sufficiently placed the issue of a new trial before the court.

The trial court in this case used the same procedure to remedy an ambiguous verdict as that implemented by the Third District in *West* v.

*Duncan* (1962) 205 Cal.App.2d 140, 142 [22 Cal.Rptr. 833] *(West)*. In *West,* the trial court rejected the plaintiff's request to interpret the verdict. The Third District held the trial court had the authority to interpret the verdict, but could not do so in this case because the verdict was ambiguous. The Third District reversed and remanded for a new trial on the sole issue of damages. *(Id.* at p. 144.) The plaintiff in *West* did not specifically move for a new trial, but the Court of Appeal treated the plaintiff's request to interpret an ambiguous verdict as a request for a new trial on damages.

Thus, we hold, when a party brings a timely posttrial motion, the trial court has broad discretion to determine the relief being requested. In this case, Shapiro did not move for a new trial but did request relief consistent with a motion for a new trial. In *Finnie* v. *District No. 1 — Pacific Coast Dist. etc. Assn.* (1992) 9 Cal.App.4th 1311 [12 Cal.Rptr.2d 348] *(Finnie),* the plaintiff filed a motion under section 663 to vacate an order and judgment of dismissal, and the Court of Appeal held it was properly treated as a motion for a new trial. Shapiro contends he is like the plaintiff in *Finnie,* because they both filed a motion under section 663.

Prudential attempts to distinguish *Finnie* from this case by claiming the plaintiff in *Finnie* requested relief consistent with a new trial motion, whereas Shapiro sought a "corrected" judgment. The remedy of correcting a judgment is inconsistent with the relief of a new trial.

The court's jurisdiction, however, does not depend on whether the remedies for the two motions resemble each other, but whether the trial court had the authority to grant a new trial on damages based on the error set forth in the filed motion. "[T]he fact that such power exists, if properly called into play, is a persuasive factor in justifying the granting of similar relief under the circumstances . . . ." *(Jacuzzi* v. *Jacuzzi Bros., Inc.* (1966) 243 Cal.App.2d 1, 23-24 [52 Cal.Rptr. 147] [upheld ruling on motion to vacate when proper procedure would have been to grant motion for new trial].)

Section 657 specifies when the court may grant a motion for a new trial. Section 657 states, in part: "The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: [¶] . . . [¶] 5. Excessive or inadequate damages. [¶] 6. Insufficiency of the evidence to justify the verdict or other decision, or the verdict or other decision is against law. [¶] 7. Error in law, occurring at the trial and excepted to by the party making the application."

Shapiro moved to vacate "on the ground that the judgment is inconsistent with the special verdict of the jury as the jury specifically found the

defendants liable to the plaintiff for negligent misrepresentation, but the judgment, contrary to law, includes a deduction for comparative negligence of the plaintiff." Shapiro asserted the jurors could not apply comparative fault in a fraud action based on negligent misrepresentation (*Carroll* v. *Gava* (1979) 98 Cal.App.3d 892, 896-897 [159 Cal.Rptr. 778]), and the notes on the verdict indicated the jurors deducted for comparative negligence. Since an error in law is one basis for granting a motion for a new trial and the court has broad discretion to provide the proper relief, the court did not err when it granted a new trial on damages.

Prudential also cites *Healy Tibbitts, supra,* 72 Cal.App.3d 741, 754 to support its contention the court exceeded its jurisdiction; but reliance on *Healy Tibbitts* is misplaced. The trial court in *Healy Tibbitts* exceeded its jurisdiction in granting a new trial because the defendant never made *any* posttrial motion, though another defendant requested a new trial. The court had no authority to grant a new motion in *Healy Tibbitts* because the aggrieved party had not asked for any relief. In contrast, Shapiro moved for relief based on the damages being incorrect due to an error in law.

"[T]he styling of [Shapiro's] request as a motion to vacate, rather than a motion for new trial, is of no consequence." (*Finnie, supra,* 9 Cal.App.4th 1311, 1316.) The court had the power to grant a new trial on damages, and Shapiro's request for relief was based on the damages being insufficient due to an error of law. The basis for relief, therefore, was consistent with a request for a new trial on damages and the trial court properly exercised its broad discretion to determine the appropriate relief.

## II. *Cross-appeal*

### A. *Motion to Vacate*

 Shapiro contends the trial court erred when it refused to correct the verdict under section 663. Section 663 provides: "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected. [¶] 2. A judgment or decree not consistent with or not supported by the special verdict."

 A trial court has the authority to correct a mistaken verdict under section 663. (*Woodcock* v. *Fontana Scaffolding & Equip. Co.* (1968) 69

Cal.2d 452, 456-457 [72 Cal.Rptr. 217, 445 P.2d 881] (*Woodcock*).) The judge has the responsibility to interpret the verdict " 'from its language considered in connection with the pleadings, evidence and instructions.' " (*Woodcock, supra,* at p. 456.) When the trial court refuses to interpret it, the appellate court will, if possible, provide a correct interpretation. (*Id.* at p. 457.)

The court should have corrected the verdict in this case, Shapiro argues, because the jury must have incorrectly applied comparative fault. (*Carroll* v. *Gava, supra,* 98 Cal.App.3d 892, 896-897 [comparative fault does not apply in a fraud action which is based on negligent misrepresentation].) Shapiro claims the handwritten and unsigned notation on the special verdict revealed the jurors reduced the damages by a percentage for comparative fault. The notation contained the number $379,710, and that number corresponded to the value of Shapiro's firearms. Additionally, Shapiro asserts, without citing to any evidence in the record, the $19,198.63 represented the code upgrades. The notation also stated 42.5 percent, and 42.5 percent of $379,710 equals $161,376.75. Adding $161,376.75 to $19,198.63, results in $180.575.38, the amount of damages the jurors awarded.

Shapiro both analogizes this case to and distinguishes it from *Maxwell* v. *Powers* (1994) 22 Cal.App.4th 1596 [28 Cal.Rptr.2d 62] (*Maxwell*). In *Maxwell,* a note said, " 'See Jury Intention on Separate Paper' " on the jury verdict form. The foreman had written on another paper: " 'It is the intention of this jury to reflect a total compensation package of $692,222 with Dr. Powers apportioned 9% of the total responsibility in total payment resulting in a payment to Mr. Maxwell of $62,300. [¶] We have added answer 3, 4 and 5b to obtain our total.' " (*Id.* at pp. 1601-1602.) The court in *Maxwell* found the note to be a concurrent statement by the jury explaining its verdict. The court did not correct the verdict without a new trial, because the note did not explain how the jury arrived at a figure for future special damages. Shapiro contends the figures used in the notation in this case are definite and the value of the firearms without the reduction for comparative fault is clear.

Despite Shapiro's argument to the contrary, Shapiro cannot establish how *all* the jurors arrived at the award of $180,575.38. If the jurors had awarded $180,575.38, and no handwritten notes had appeared on the special verdict, Shapiro would have had no basis to question the award. Simply because the notation suggested one or more jurors may have misapplied the law by deducting for comparative fault, did not establish a majority of the jurors used erroneous reasoning to arrive at the figure of $180,575.38. We agree with the trial court's finding: "[I]t is not clear from the special verdict form that nine or more of the jurors agreed 42.5% figure, its application or its

meaning. It is not, therefore, appropriate to enter a new judgment based on speculation as to the jury deliberations or conclusions. . . ."

In addition to arguing the jurors' intent was not clearly conveyed by the handwriting, Prudential contends the court properly denied the motion because (1) a verdict cannot be corrected by a section 663 motion, (2) Shapiro waived his right to assert any ambiguity because he failed to object prior to the jury's dismissal (*Schiernbeck* v. *Haight* (1992) 7 Cal.App.4th 869, 879 [9 Cal.Rptr.2d 716]),[1] and (3) the handwriting is inadmissible hearsay (Evid. Code, § 1150). We do not need to reach the merits of these arguments, since we find the court did not err in refusing to correct an ambiguous verdict.

### B. *Partial JNOV*

Shapiro also claims the court should have granted a partial JNOV pursuant to section 629. Section 629 states, in part: "The court, before the expiration of its power to rule on a motion for a new trial, either of its own motion, after five days' notice, or on motion of a party against whom a verdict has been rendered, shall render judgment in favor of the aggrieved party notwithstanding the verdict whenever a motion for a directed verdict for the aggrieved party should have been granted had a previous motion been made."

" 'The scope of appellate review of a trial court's denial of a motion for judgment notwithstanding the verdict is to determine whether there is any substantial evidence, contradicted or uncontradicted, supporting the jury's conclusion and where so found, to uphold the trial court's denial of the motion.' " (*Pusateri* v. *E. F. Hutton & Co.* (1986) 180 Cal.App.3d 247, 250 [225 Cal.Rptr. 526].) As discussed above, Shapiro may speculate as to how the jurors arrived at the figure for damages, but the evidence does not establish that all or a majority of the jurors reduced the damages based on a calculation of comparative fault. Thus, substantial evidence supported the trial court's denial of the JNOV.

### CONCLUSION

We find the trial court has broad discretion to determine the appropriate relief when deciding a posttrial motion. The trial court, therefore, did not exceed its jurisdiction when it granted a new trial on damages based on Shapiro's motion for a corrected verdict. The court also did not err in

---

[1]"Waiver is not found where the record indicates that the failure to object was not the result of a desire to reap a 'technical advantage' or engage in a 'litigious strategy.' " (*Woodcock, supra*, 69 Cal.2d 452, 456, fn. 2.)

refusing to correct an ambiguous verdict, and substantial evidence supported its denial of a partial JNOV. Accordingly, we affirm. Shapiro is awarded costs on appeal.

Kline, P. J., and Haerle, J., concurred.

A petition for a rehearing was denied March 3, 1997, and petition of defendants and appellants for review by the Supreme Court was denied May 14, 1997.